SAMUEL A. KINNEY, APPELLEE, V. CHICAGO, BURLINGTON
& QUINCY RAILROAD COMPANY, APPELLANT.

FILED NOVEMBER 13, 1912.  No. 16,812.

1. **Appeal: CONFLICTING EVIDENCE.** Where the evidence is conflicting
as to whether a cow that was killed by a train got on the right
of way through a gate negligently left open by plaintiff or by
passing through a defective right of way fence and there is suffi-
cient evidence to support the verdict, this court will not interfere,
even though it might reach a different conclusion upon the same
evidence.

2. **Trial: INSTRUCTIONS.** A case will not be reversed on account of
the giving of an instruction which is not based upon the evidence,
where the jury has been properly instructed on the point at
issue at the complainant's request, and it is not apparent that
prejudice has resulted.

3. **Pleading: ANSWER: SUFFICIENCY.** An answer which admits that a
railway company "is now operating" the railroad, and does not
specifically deny that it was the owner of or was operating the
railroad at the time of the accident, is not sufficient to raise the
issue of its ownership of or operation of the railroad at that
time.

4. ———: **AMENDMENT AT TRIAL: DISCRETION OF COURT.** Whether de-
fendant shall be permitted to amend an answer after a trial has
been begun is a matter within the discretion of the district court,
and unless abuse of such discretion is shown the action of that
court will be upheld.

APPEAL from the district court for Gage county:
LEANDER M. PEMBERTON, JUDGE. *Affirmed.*

*Byron Clark* and *Hazlett & Jack,* for appellant.

*A. D. McCandless* and *Samuel Rinaker, contra.*

LETTON, J.

Plaintiff recovered a verdict and judgment against de-
fendant upon four causes of action, the first being for the
wrongful killing of a cow upon the railroad track of de-
fendant, the others being for three separate fires in the

orchard of plaintiff, which it is alleged were caused by the negligence of defendant in operating its trains.

It is contended there is not sufficient evidence to sustain the verdict as to the first cause of action. A large number of plaintiff's cattle were on the right of way, but only one cow was killed by the train. The evidence is conflicting as to the condition of the railroad fence. On behalf of plaintiff, there is testimony that the fence was in very bad condition; that at different places the wires were off the posts for a distance of over two rods; that in another place the highest wire was only 22 inches from the ground; that at other places the wires were buried in the dirt, and at still another place the ground was washed out underneath the fence so that a person might walk beneath. Plaintiff testifies that he examined the fence on the day the cow was killed, and saw many fresh tracks where cattle had passed over it, when the wire was down, onto the right of way.

On the part of the defendant, there is testimony that the fence was in fairly good condition, although cattle could walk through at the place where the soil was washed out, but that there were no tracks there or at other points where the fence was defective. There is also proof that a gate in the fence was left open by plaintiff or his man. There is a decided conflict as to whether or not there were tracks showing that the cattle had passed through the dilapidated fence or through the gate in order to reach the right of way. The evidence being in this condition, the question of fact was for the jury to decide.

Complaint is made as to the giving and refusal of certain instructions relating to this cause of action. After stating to the jury that the law of this state required railroads to fence their tracks, and the respective claims of the plaintiff and defendant as to the manner that the cow got on the right of way, the court properly instructed the jury that, if they found she passed through the fence, the defendant was liable, but, if they believed she passed through the gate, then they should find for the defendant,

unless they found that the plaintiff was entitled to recover by reason of the negligence of the engineer. He also told the jury in instruction No. 5 "that it is the duty of the engineer in charge of a train to exercise such a lookout as is consistent with his other duties to ascertain the presence of obstructions upon the track, and in this case, if such a precaution would have revealed the presence of the cow on the track in time to have avoided her injury by the use of ordinary care, the railroad company was liable for injuries inflicted upon her, although she was not actually seen until too late to avoid striking her." It is said this instruction is erroneous because not applicable to any evidence in the case; that the evidence showed the cow came on the track from the borrow pit just before she was struck. The court, at defendant's request, fully instructed that, if they believed this to be true, there was no negligence in the handling of the train which would enable plaintiff to recover. We think no prejudice could be suffered under this condition of facts.

Complaint is made of the giving of instruction No. 4, for the reason that by it the jury are not required to base their findings upon the evidence in the case. We think, in view of the other instructions which were given by the court, some of them at defendant's request, in one of which the jury were expressly told they "should look wholly to the evidence for the facts," and in others they were told that, if they "found from the evidence," etc., this complaint is without merit.

Considering the entire testimony on this cause of action, the issue seems to have been fairly submitted, and we find no error therein prejudicial to defendant.

Complaint is made that the court erred in failing to submit to the jury an issue as to whether defendant in this case, the Chicago, Burlington & Quincy Railroad Company, or the Chicago, Burlington & Quincy Railway Company, was the owner of or was operating the railroad at the time stated in the petition. We think the pleadings justify the court in ignoring this so-called issue. The

answer admits that the defendant "is now operating" the railroad. It pleads that the death of the cow was caused by plaintiff's negligence, and contains a general denial as to all facts "not herein specifically admitted to be true." No specific denial of defendant's ownership of the road at the time of the accident is to be found in the answer. We think the admission that it is now operating the road carries with it, in the absence of a specific denial, the presumption that it was operating the road at the time the injuries were suffered.

It is also assigned that the court erred in refusing to permit an amendment to be made to the answer alleging negligence on the part of plaintiff in permitting weeds to stand, and rubbish to accumulate in the orchard. This amendment was proposed after the jury were impaneled for the trial. The original answer was filed on November 15, 1909. The amendment was tendered on March 3, 1910. The plaintiff's farm seems to be distant at least 15 miles from the place of trial, and any additional witnesses made necessary by the amendment would have to be summoned from that distance. Even if this amendment set up a new defense, no reason was shown why it was not tendered before the time of the trial. At such a time and under all the circumstances we think the district court was justified in refusing to permit the amendment.

Some of the witnesses for the defense testify that a number of the trees which had been damaged by the fire scorching or burning the lower limbs could be restored by pruning the injured limbs. Defendant requested an instruction that the measure of damages as to such trees "is the value of the labor of trimming off such lower limbs. as to which there is no evidence except that it would be nominal, so that for such trees you could in no event award plaintiff anything but nominal damages." We think this instruction was properly refused. It was proper for the jury to consider this testimony in arriving at their verdict as tending to mitigate the damages, but we think the tendered instruction erroneous. The jury

were instructed that the measure of plaintiff's damage was the difference in value of the trees injured or destroyed as they stood immediately before the fire and immediately after the fire, and this is the true rule, as repeatedly decided by this court.

We find no prejudicial error in the record, and the judgment of the district court is

AFFIRMED.